<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STANLEY CHUKWUMA AMADI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, ALEJANDRO MAYORKAS, MERRICK GARLAND, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-02025 (BRM) (LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　Before the Court are three motions. Plaintiff Stanley Chukwuma Amadi ("Plaintiff") moves for summary judgment ("Plaintiff's Summary Judgment Motion") pursuant to Federal Rule of Civil Procedure 56 (ECF No. 25) against Defendants The United States of America; Alejandro Mayorkas, Secretary of the Department of Homeland Security ("Secretary")[1]; Merrick Garland, U.S. Attorney General; Ur M. Jaddou, Director of USCIS; Susan Dibbins, Chief of Administrative Appeals Office of USCIS; and John Thompson, District Director of USCIS in Newark, New Jersey (collectively, the "Government"). The Government filed an opposition to Plaintiff's Summary Judgment Motion in which it cross-moved for dismissal based on lack of subject matter jurisdiction ("Government's Motion to Dismiss") and, alternatively, moved for summary judgment ("Government's Motion for Summary Judgment"). (ECF No. 31.) Plaintiff did not file a reply in support of Plaintiff's Summary Judgment Motion. Having reviewed the submissions filed in

---

[1] Kristi Noem was confirmed as Secretary of Homeland Security on January 25, 2025. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Kristi Noem is substituted as Defendant (previously, Alejandro Mayorkas) in this suit.

connection with the Motion and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause having been shown, the Government's Motion to Dismiss (ECF No. 31) is **GRANTED** for lack of subject matter jurisdiction, and Plaintiff's Motion for Summary Judgment (ECF No. 25) and the Government's Cross-Motion for Summary Judgment (ECF No. 31) are **DENIED** as moot.

I.  BACKGROUND

   A.  **Factual Background**[2]

Plaintiff alleges the United States Citizenship and Immigration Services ("USCIS") Administrative Appeals Office ("AAO") violated the Administrative Procedures Act ("APA") when it revoked his Petition to Classify Orphan ("Petition") because he failed to demonstrate the beneficiary in question qualified as an "orphan" under the Immigration and Nationality Act ("INA"). (ECF No. 1 at 1, 4–5.) Specifically, Plaintiff alleges the revocation was arbitrary and capricious, an abuse of discretion, unsupported by evidence in the record, and that his Due Process rights under the Fourteenth Amendment were violated as "he was not given the opportunity to

---

[2] The background facts are taken from the parties' admitted statements of material fact and accompanying exhibits. The Court deems supported factual contentions to be admitted unless sufficiently disputed by reference to record evidence and construes as undisputed all facts in Defendants' Statement of Material Fact to which Plaintiffs object without citing to any record evidence. *See* L. Civ. R. 56.1(a); *Ullrich v. U.S. Sec'y of Veterans Affs.*, 457 F. App'x 132, 136–37 (3d Cir. 2012) ("[T]he party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record. . . . Federal Rule 56 explicitly requires the party asserting the absence or existence of a genuinely disputed fact to support that assertion by citing to specific parts of the record. A court may consider other materials in the record but need only consider cited materials and may consider as undisputed any fact not properly addressed by the party opposing it." (citations omitted)); *Stouch v. Twp. of Irvington*, Civ. A. No. 03-06048, 2008 WL 2783338, at *2 n.1 (D.N.J. July 16, 2008) ("deem[ing] [d]efendants' uncontested facts as admitted, unless disputed by [p]laintiffs in their brief and supported by the evidence").

examine and rebut adverse evidence." (*Id.* at 5.)

According to Plaintiff's Statement of Material Facts ("SOMF")[3], Plaintiff is a naturalized U.S. citizen born in Nigeria on May 14, 1957, who married his wife, Veronica Ijeoma-Amadi, on May 3, 2007, in Nigeria. (ECF No. 25 ¶ 1.) The Government notes Plaintiff's birth certificate lists 1959 as the year of his birth. (ECF No. 31, Government's SOMF ("Gov's SOMF"), ¶ 1.) Because Plaintiff's wife was discovered to have a fibroid that could endanger her life during pregnancy, Plaintiff and his wife decided not to risk her life by attempting to conceive a child and to instead adopt a child from Nigeria. (ECF Nos. 25 ¶ 3; 31 ¶ 3.) Plaintiff and his wife had a Pre-Adoption Home Study Evaluation for Non-Hague Countries conducted by New Jersey-based organization Homestudies & Adoption Placement Services. (ECF Nos. 25 ¶ 4; 31 ¶ 4.) Plaintiff and his wife applied for adoption through the first-come-first-serve process at the Ministry of Women's Affairs and Social Development ("Ministry") in Nigeria. (ECF Nos. 25 ¶ 5; 31 ¶ 5.) On June 12, 2014, Plaintiff and his wife received a call from the Ministry informing them a baby boy, who had allegedly been abandoned to the Ministry, was available for adoption. (ECF No. 25 ¶ 6.) The Government disputes the baby was abandoned to the Ministry, citing other records containing inconsistent information about the baby's purported birth mother. (ECF No. 31 ¶ 6.)

Roughly ninety days later, the Government of Imo State of Nigeria sent two letters informing the Ministry that Plaintiff and his wife satisfy the requirements to adopt the baby boy and that he was released on foster placement with the family. (ECF Nos. 25, Exs. J, K, ¶ 7; 31 ¶ 7.) In 2015, Plaintiff's wife travelled to Nigeria to finalize the adoption papers with a notarized

---

[3] Plaintiff's SOMF is technically in violation of Local Civil Rule 56.1(a), which states, "[e]ach statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law." In the interests of judicial economy and to avoid needless delay, the Court will treat Plaintiff's SOMF as though it had been filed correctly under the Rule.

3

letter of consent from Plaintiff, who was unable to travel due to his job, in hand. (ECF Nos. 25 ¶ 8; 31 ¶ 8.) On March 11, 2015, the Magistrate's Court of Imo State of Nigeria granted the adoption of a baby boy, E.S.A. ("ESA"), to Plaintiff and his wife. (ECF Nos. 25, Exs. D, G, L, Q, ¶¶ 2, 7–8; 31 ¶¶ 2, 7–8.) On September 4, 2019, Plaintiff filed an I-600 Stand Alone Petition to Classify Orphan as an Immediate Relative (the "I-600 Petition"), attaching an affidavit from ESA's birth mother, a document titled "Custody of Baby Boy" from the Ministry, and a report on the custody of the child from the orphanage in which he had previously been placed. (ECF Nos. 25 ¶ 9; 31 ¶ 9.) The I-600 Petition was approved on October 3, 2019. (ECF Nos. 25 ¶ 10; 31 ¶ 10.)

On December 19, 2019, Plaintiff traveled to Nigeria and, along with ESA, went to the U.S. Consulate in Lagos for a visa interview on January 7, 2020. (ECF Nos. 25 ¶ 11; 31 ¶ 11.) During the interview, a Consular Officer ("CO") told Plaintiff about an email sent from the Consulate to Plaintiff the previous night, but Plaintiff did not receive the email, is not aware of its contents, and has not been provided a copy. (ECF Nos. 25 ¶ 11; 31 ¶ 11.) Plaintiff submitted documents to the CO, paid the visa fee of $225, and was told his case would be recommended for further review. (ECF Nos. 25 ¶ 11; 31 ¶ 11.) On April 7, 2020, USCIS issued a Notice of Intent to Revoke ("NOIR") the I-600 Petition, which stated the Consulate in Lagos had returned the petition "with a recommendation for revocation of the approval on the basis that there is no credible evidence this child is an orphan as defined by the Immigration and Naturalization Act (INA) 101(b)(1)(F)." (ECF Nos. 25, Ex. O, ¶ 12; 31 ¶ 12.) The NOIR refers to a I-604[4] document from the U.S. Embassy in Lagos claiming some documents supporting the I-600 Petition were "discredited" and "based on evidence not previously available to USCIS." (ECF Nos. 25 ¶ 12; 31 ¶ 12.) The NOIR also

---

[4] Federal regulations provide for an I-604 investigation by a CO "in every orphan case" upon the filing of an I-600 petition. 8 C.F.R. § 204.3(k)(1). These investigations must include, but are not limited to, document review, interviews with the birth parent(s), and/or site visits. *Id.*

4

refers to a "site visit" to the orphanage as well as "an altered intake sheet from the orphanage." (ECF Nos. 25 ¶ 12; 31 ¶ 12.) The NOIR stated ESA's purported birth mother is not listed as his birth mother at the orphanage. (ECF Nos. 25 ¶ 12; 31 ¶ 12.) The NOIR further notes USCIS "could not accept the documents provided as evidence of the origin of the child," based on certain materials transmitted by the U.S. Embassy in Nigeria. (ECF Nos. 25 ¶ 12; 31 ¶ 12.) The NOIR also stated "[b]ecause Department of State cannot form the validity of the documents you provided supporting the child's orphanhood by abandonment, USCIS cannot continue to find that the child meets the Definition of Orphan." (ECF Nos. 25 ¶ 12; 31 ¶ 12.)

The parties dispute the contents and basis of the NOIR. First, Plaintiff disputes the existence of the referenced I-604 document, as neither he nor his attorney have seen it. (ECF No. 25 ¶ 12.) The Government asserts the document was part of the Certified Administrative Record provided to Plaintiff. (ECF No. 31, Ex. A, ¶ 12.) Next, Plaintiff contends the NOIR incorrectly stated there was no record of ESA at the orphanage. (ECF No. 25 ¶ 12.) The Government responds the NOIR acknowledges the orphanage had ESA's intake ledger but "[n]o other record of the child." (ECF No. 31 ¶ 12.) Plaintiff also claims the discrepancies in the I-604 investigation described in the NOIR were mostly "minor in nature[,]" (ECF No. 25 ¶ 12), which the Government denies and states "the discrepancies go to the heart of ESA's origin" and whether meets the definition of an orphan under 8 U.S.C. § 101(b)(1)(F)(i), i.e., a child who is "abandon[ed] or desert[ed] by . . . both parents" (ECF No. 31 ¶ 12). The parties also dispute the propriety and validity of the NOIR's determination that Imo State Ministry officials routinely "create documents needed for immigration proceedings at the request of adoptive parents" without verifying official records. (ECF No. 25 ¶ 12.) Plaintiff submits several affidavits attempting to demonstrate the authenticity of ESA's documents, including by: (1) Chinedu Agu, Esq. ("Agu"), Plaintiff's

5

attorney in Nigeria who specializes in adoption proceedings; (2) Amaefule Benjamin Onyinye ("Onyinye"), Director of the Child Development Department in the Ministry of Gender and Vulnerable Group Affairs[5]; (3) Pastor Stella Ngozi Egeonu ("Egeonu"), Director of the Widows, Orphans & Destitute Care Center; and (4) Lauretta A. Madu ("Madu"), former Director of Child Development at the Ministry. (*Id.* ¶ 13.)

On June 29, 2021, USCIS issued a Notice of Revocation, in which it formally revoked Plaintiff's I-600 Petition (the "Revocation"). (ECF Nos. 25 ¶ 14; 31 ¶ 14.) On or about July 15, 2021, Plaintiff timely appealed the Revocation to the AAO and thereafter filed a brief. (ECF Nos. 25 ¶ 15; 31 ¶ 15.) On March 28, 2022, the AAO dismissed the appeal and issued a decision. (ECF No. 25 ¶ 16.)

### B. Procedural History

Plaintiff filed a complaint against the Government in this matter on April 10, 2023, alleging AAO violated the APA when it revoked the I-600 Petition on the ground that he failed to demonstrate the beneficiary qualified as an "orphan" under the INA. (ECF No. 1 at 1, 4–5.) Specifically, Plaintiff alleges the Revocation was arbitrary and capricious, an abuse of discretion, not in accordance with the law, and unsupported by evidence in the record. (*Id.* at 5.) Plaintiff also claims due process violations, alleging he was not given the opportunity to examine and rebut adverse evidence. (*Id.*) After several requests for extensions to respond (ECF Nos. 4, 6, 8), the

---

[5] Plaintiff refers to a "Ministry of Gender and Vulnerable Group Affairs." (ECF No. 25 ¶ 13.) It is unclear to the Court whether this is a mere typographic error intended to refer to the Ministry of Women's Affairs and Social Development, which the Court abbreviates as the "Ministry," or if Plaintiff is referring to a second ministry in Nigeria. An online review of the official government ministries in Nigeria reveals there is no such ministry as the Ministry of Gender and Vulnerable Group Affairs. *See Cabinet of Nigeria*, U.S. Embassy of the Federal Republic of Nigeria in Washington, D.C., https://nigeriaembassyusa.org/cabinet-of-nigeria2/ (last visited Feb. 24, 2025). The Court therefore assumes this is a mere typographical error intended to refer to the Ministry of Women's Affairs and Social Development.

Government filed an Answer on October 25, 2023, in which it raised several affirmative defenses, including that the Complaint fails to state a claim upon which relief can be granted, and the Court lacks subject matter jurisdiction over some or all of the claims (ECF No. 10). The Honorable Leda D. Wettre, U.S.M.J., issued a briefing scheduling order on November 30, 2023. (ECF No. 13.) On May 2, 2024, the Court issued a Notice of Call for Dismissal for lack of prosecution, pursuant to Local Civil Rule 41.1(a), after the matter had been pending for more than ninety days without any proceeding having been taken. (ECF No. 14.) Plaintiff's counsel filed an affidavit on May 10, 2024, explaining he "fell behind on [] work due to [his] wife falling ill" and requesting the Court take the case off the dismissal calendar. (ECF No. 15.) In a text order, the Court withdrew the Notice of Call for dismissal. (ECF No. 17.)

On August 9, 2024, Plaintiff filed the Summary Judgment Motion (ECF No. 25), and the Government filed an Opposition Brief, as well as a Declaration in Support, on September 9, 2024. (ECF Nos. 31, 32.) Plaintiff did not file a Reply Brief.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5B FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2004). It requires a plaintiff to bear the burden of pleading that jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter

jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction. If . . . facial [], the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. FLFMC, LLC v. TFH Publ'ns, Inc.*, 855 F. Supp. 2d 300, 304 (D.N.J. 2012) (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011)). A factual attack, on the other hand, "concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Id.* (quoting *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). Moreover, the standard of review for a facial Rule 12(b)(1) attack is the same as one under 12(b)(6). *Id.*

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

**III.   DECISION**

Plaintiff presents several arguments in favor of summary judgment. Plaintiff asserts summary judgment is warranted because he has "addressed each alleged inconsistency" raised in

8

the NOIR and Revocation, relying on credible affidavits which the Government "total[ly] disregard[s.]" (ECF No. 25 at 12, 14.) Plaintiff also argues the Ministry made the requisite showing under Nigerian law into ESA's background and status as an orphan, which the Government improperly disregarded. (*Id.* at 15–17.) Plaintiff contends he was denied critical discovery relating to the CO's I-604 investigation. (*Id.* at 19.) His final argument concerns alleged due process violations grounded in his claim of "a recognized liberty interest in the approval of the valid I-600 [P]etition he filed for his adopted son." (*Id.* at 20.) Plaintiff argues his due process rights were violated when the Government "ignored" and otherwise did not give credence to the affidavits and other documents addressing purported inconsistencies in the paperwork relating to ESA's background, leaving Plaintiff with no explanation for the revocation. (*Id.*)

In its Opposition, the Government cross-moves for dismissal or, alternatively, summary judgment, on jurisdictional grounds. (ECF No. 31.) The Government insists the Court cannot reach the merits of Plaintiff's APA and due process claims because it lacks subject matter jurisdiction over Plaintiff's claims given the Secretary has full discretion over acts of revocation under INA § 205 and § 1152(a)(2)(B)(ii) explicitly prevents Courts from exercising jurisdiction over actions or decisions within the Secretary's discretion. (*Id.* at 21–23.) The Government asserts "Plaintiff is not entitled to this Court's adjudication of his Orphan Petition." (*Id.* at 38.) Furthermore, even if the Court finds subject matter jurisdiction, the Government argues dismissal is appropriate because the revocation complies with the requirements of the APA. (*Id.* at 23, 34.) Finally, the Government contends Plaintiff was afforded his due process rights because he was given notice concerning the alleged inconsistencies in ESA's background, and an opportunity to be heard by submitting

9

evidence to rebut them in support of his appeal. (*Id.* at 36–37.)[6]

As the Supreme Court recently explained, "[i]t is clear on the face of [8 U.S.C.] § 1155 [(which codifies INA § 205)] that the revocation provision is a quintessential grant of discretion to the Secretary [of Homeland Security]." *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024). Under § 1155 "[t]he Secretary of Homeland Security *may*, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [S]ection 1154 of this title [or Section 204 of the INA]. Such revocation shall be effective as of the date of approval of any such petition." 8 U.S.C. § 1155 (emphasis added). "Good and sufficient cause" is "arguably so subjective as to provide no meaningful legal standard" and is thus controlled by the Secretary's discretion entirely. *Islam v. Rodriguez*, Civ. A. No. 16-2424, 2018 WL 576830, at *3 (D.N.J. Jan. 25, 2018) (citing *Jilin Pharma. USA, Inc. v. Chertoff*, 447 F. 3d 196, 205 (3d Cir. 2006)).

Courts have consistently held that, because actions taken pursuant to INA § 205 are subject to the discretion of the Secretary, federal district courts lack jurisdiction to review them. *See Jilin*, 447 F.3d at 205; *Islam*, 2018 WL 576830, at *2 (listing string of cases from "nearly all other circuits" that agreed with *Jilin*'s holding); *Naqvi ex rel. S.N. v. Mayorkas*, Civ. A. No. 21-9411, 2022 WL 255364, at *3 (D.N.J. Jan. 27, 2022) (finding "[t]he Court is constrained to find that it lacks subject matter jurisdiction over" revocation of Petition to Classify Orphan as Immediate

---

[6] The Government presents several additional arguments that are not dispositive but which the Court nevertheless summarizes here for the sake of completeness. It claims no additional discovery is required beyond the administrative record in an APA appeal. (ECF No. 31 at 35.) The Government further argues Plaintiff is wrong on the standard of review in this matter, noting the standard for review of APA appeals on summary judgment is "whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." (*Id.* at 35–36 (quoting *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007)).) The Government also contends the burden of proof is on the petitioner and not the agency in appealing a revocation pursuant to 8 C.F.R. § 205.2(b).

Relative (I-600) because it is governed by INA § 205).

Here, the Court finds it lacks subject matter jurisdiction over this matter given the Supreme Court has plainly held INA § 205 grants the Secretary total discretion in revocation actions, and the Third Circuit unequivocally holds federal district courts lack jurisdiction to review such actions. *See Jilin*, 447 F.3d at 205. The Revocation issued by USCIS[7] cites INA § 205 as the source of its authority to revoke. (ECF No. 25, Ex. V, at 138.) The Plaintiff does not dispute the Government's revocation was made pursuant to INA § 205, which imbues the Secretary of Homeland Security with full discretion in these matters and concedes the Secretary's discretion in this case is "unreviewable." (ECF No. 25 at 21.) The express text of § 205 provides the Secretary "may" revoke approval "at any time" for "good and sufficient cause[,]" indicating a clear congressional intent to grant total discretion in these matters to the Secretary. *See Naqvi*, 2022 WL 255364, at *3; *see also Islam*, 2018 WL 576830, at *3 (noting that the phrase "good and sufficient cause" is entirely driven by the Secretary's discretion). As such, the Court must refrain from exercising its jurisdiction over this matter as it rests within the Secretary's sole discretion.[8]

Notwithstanding Plaintiff's impassioned arguments and the Court's sympathy for his efforts to unite his family, because INA § 205 grants the Secretary of Homeland Security complete discretion in revoking any petitions, "[t]he Court is constrained to find that it lacks subject matter jurisdiction over this suit." *Naqvi*, 2022 WL 255364, at *3. The Court need not address the parties' remaining arguments. Accordingly, the Government's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**, and Plaintiff's Motion for Summary Judgment and the

---

[7] USCIS's authority to act emanates from the powers of the Secretary given it is one of the component agencies of the Department of Homeland Security.
[8] Furthermore, because evaluating Plaintiff's due process claims would require a review of USCIS's revocation, the lack of jurisdiction over this matter prevents the Court from considering them. *See Jilin*, 447 F.3d at 206.

Government's Cross-Motion for Summary Judgment are **DENIED** as moot.

IV. **CONCLUSION**

For the reasons set forth above, and for good cause having been shown, the Government's Motion to Dismiss (ECF No. 31) is **GRANTED** for lack of subject matter jurisdiction, and Plaintiff's Motion for Summary Judgment (ECF No. 25) and the Government's Cross-Motion for Summary Judgment (ECF No. 31) are **DENIED** as moot. An appropriate order follows.


Dated: March 5, 2025                                  */s/ Brian R. Martinotti*
                                                      **HON. BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**